IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:02-cr-078-19 |
| | ) | |
| JEFFREY ROSS, a/k/a JEFFREY MYNATT, a/k/a J.R. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is presently before the court on defendant's *pro se* motion [Doc. 908] requesting copies of the transcripts covering his initial appearance and arraignment in 2002, as well as the hearing regarding his sentencing which was imposed on June 10, 2003. Because the defendant represents that he is indigent, he requests a free copy of both transcripts.

The specific reason why defendant requests these transcripts is to confirm that this court ordered defendant's federal sentence of 92 months to run concurrent with his state sentence. For the following two reasons, defendant's motion must be denied.

First, defendant is not entitled to a free transcript of these proceedings under these circumstances. If, for example, defendant had a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 pending, then defendant might under those circumstances be entitled to a free transcript of those two proceedings. *See, e.g., United States v. Connors*, 904 F.2d 535 (9th Cir. 1990); *United States v. Lewis*, 605 F.2d 379, 380 (8th Cir. 1979). Second, and more importantly, there is no dispute in this record that the defendant was sentenced to a term of 92 months to run concurrent with his state sentence. A review of the judgment filed on June 13, 2003 [Doc. 473] reflects the following:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 92 months.
>
> To be served concurrent with the state sentence on which defendant is currently serving[.]

[*See* Doc. 473, p.2]. Additionally, the court's judgment is completely consistent with the minute entry filed on June 10, 2003, which reflects that the defendant is sentenced to "92 months imprisonment to be served concurrently with state sentence." [*See* Doc. 462].

In view of the above, there should be no question whatsoever by the Bureau of Prisons as to the intent of this court in sentencing the defendant with

2

respect to his state sentence. Accordingly, defendant's *pro se* motion [Doc. 908] is hereby DENIED.

**E N T E R :**

                                              ***s/ James H. Jarvis***
                                      UNITED STATES DISTRICT JUDGE